JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule defendant-appellant David Hawkins's sole assignment of error to the extent that it challenges the constitutionality of R.C. 2967.28, because the statute's provision for the imposition of post-release control violates neither the separation of powers doctrine nor the Due Process Clauses of the United States or Ohio Constitutions. See Woods v. Telb (2000), 89 Ohio St.3d ___, ___ N.E.2d ___, paragraph one of the syllabus; see, also, State v.Morris (Aug. 18, 2000), Hamilton App. No. C-000027, unreported (holding that the appellant's challenge on direct appeal to the constitutionality of R.C. 2967.28 presented a justiciable issue).
However, we sustain the assignment of error to the extent of its challenge to the constitutionality of R.C. 2967.11, because the statute's provision for the imposition of "bad time" violates the separation of powers doctrine. See State ex rel. Bray v.Russell (2000), 89 Ohio St.3d 132, 729 N.E.2d 359, syllabus; see, also, Morris, supra (holding that the appellant's challenge on direct appeal to the constitutionality of R.C. 2967.11 presented a justiciable issue). We, therefore, hold that the parole board may not exercise the authority conferred by R.C. 2967.11 to add "bad time" to the appellant's stated prison term. Accordingly, we vacate the sentence and remand this case to the trial court for supplementation of the judgment of conviction to reflect that the appellant is not subject to "bad time." See Morris, supra.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.